**Remand and Opinion Filed August 4, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00640-CR

**STEPHANIE BELJANA LIMAURO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82584-2020**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

A jury convicted Stephanie Beljana Limauro of aggravated robbery, and the trial court sentenced her to thirty years' confinement. Court-appointed appellate counsel, Maria Tsao Tu, filed an *Anders* brief[1] and a motion to withdraw as counsel, asserting that there are no non-frivolous issues that appellant could raise on appeal. Because of numerous omissions in counsel's brief, we are not confident that there are no plausible grounds for appeal. Accordingly, we grant the motion to withdraw,

---

[1] *See Anders v. California*, 386 U.S. 738 (1967). Although we advised Limauro of her right to do so, she did not file a pro se response.

abate the appeal, and remand this case back to the trial court for the appointment of new counsel.

An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw from an appeal that the attorney has concluded, after conscientious examination of the entire record, is a frivolous appeal. *Anders*, 386 U.S. at 744. Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process, which can only be attained if appellate counsel "acts in the role of an active advocate in behalf of his client . . . ." *Id.* "Ultimately, an appropriate *Anders* brief provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises." *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *1 (Tex. App.—Dallas June 15, 2020, no pet.) (mem. op., not designated for publication).

To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). In addition to setting out an attorney's due diligence investigation on behalf of the client, the *Anders* brief has an additional use for an appellate court: providing it "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct

determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

When appellate counsel is appointed to represent an indigent defendant, "his only justification for filing an *Anders* brief is his ethical obligation to avoid burdening the courts with wholly frivolous appeals." *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). After court-appointed appellate counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we independently examine the record to determine whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. An appeal is wholly frivolous when it lacks any basis in law or fact; an argument is frivolous if it cannot conceivably persuade the court. *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.).

There are two possible outcomes when an *Anders* brief is filed in a criminal case in Texas. After conducting an independent examination of the record, if we agree with appellate counsel that no reversible error exists and the appeal is frivolous, we will grant counsel's motion to withdraw and affirm the trial court's judgment. *Crowe*, 595 S.W.3d at 319. If we conclude that appellate counsel has not adequately discharged the constitutional duty to review the record for arguable error, or that the appeal is not wholly frivolous, we will abate the appeal and remand the cause to the trial court for the appointment of new appellate counsel. *Id.*; *Kelly*, 436 S.W.3d at 318 n.16 ("Either the appellate court confirms that there are no non-frivolous grounds for appeal, thus extinguishing the appellant's constitutional right

to appellate counsel, and grants the motion to withdraw, or the appellate court finds that there are plausible grounds for appeal, in which case the appellate court *still* grants the motion to withdraw, but remands the cause to the trial court for appointment of new appellate counsel.") (emphasis in original).

Without addressing the merits of this appeal, we were not favored with an *Anders* brief that satisfies the obligation of counsel. The brief summarily outlines the evidence adduced at the trial and points out where pertinent testimony may be found in the record. However, other than the summary factual recitation under III. Statement of the Cases, under Due Diligence counsel solely identifies that no written pre-trial motions were filed, punishment was within the statutory range, and Limauro was represented by counsel throughout all proceedings. Counsel's purported due diligence wholly fails to address specifics of the trial proceedings from Voir Dire to Judgment and Sentencing. Counsel presents a summary of facts but provides no analysis, identifying one potential issue, and, aside from listing trial facts, neither addresses sufficiency of evidence objections, challenges to the jury charge, or dispositive trial motions and associated rulings nor explains why any of the foregoing would be wholly frivolous. Specifically, other than one noted objection without analysis, counsel wholly fails to refer to pages in the record where objections were made, the nature of the objections, or the trial court's rulings and fails to discuss either why the trial court's ruling was correct or why Limauro was not harmed by the ruling. We conclude that the errors and other discrepancies counsel fails to

address are too numerous for us to conclude with any degree of confidence that there are no arguable issues in this appeal.

Our independent review of the record in conjunction with the *Anders* brief deficiencies creates a lack of confidence in Limauro's counsel's *Anders* conclusion. We trust that new appellate counsel will address the deficiencies in Limauro's amended brief.

We grant counsel's motion to withdraw and strike the *Anders* brief she filed with this Court. We remand the cause to the trial court and order the trial court to appoint new appellate counsel to represent Limauro. New appellate counsel should investigate the record and file a brief on the merits that addresses any plausible grounds for appeal.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We abate the appeal for the trial court to comply with the dictates of this opinion. This case will be resubmitted at a future date after the Court receives a

brief filed by new appellate counsel and any responsive brief the State may choose to file.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
210640.u05